E. J. SEARLE *vs.* DWELLING HOUSE INSURANCE COMPANY.

Hampshire.    September 16, 1890. — October 23, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Fire Insurance — Preliminary Proofs of Loss — Waiver.*

An insurance adjuster, who was furnished by a company employing him with blank forms for statements of losses, was directed to ascertain a loss under a policy in the form prescribed by the Pub. Sts. c. 119, § 139, (St. 1887, c. 214, § 60,) and to report to the company. At an interview with the insured, the adjuster, having then no blanks with him, wrote out an informal statement of the loss, and agreed to take it to the home office and shortly to return to the insured formal proofs for execution. He reported to the company, but failed to return the proofs, and the insured several weeks later caused a letter of inquiry to be sent to the company, to which it made reply, placing its refusal to pay on some alleged misconduct of the insured, and not upon any deficiency in the preliminary proofs. *Held,* in an action on the policy, that a finding was warranted that the company had waived a strict compliance with the condition requiring a formal statement of the loss to be made by the insured forthwith.

CONTRACT on a policy of insurance, in the form prescribed by the Pub. Sts. c. 119, § 139, (St. 1887, c. 214, § 60,) against loss by fire, in the sum of $860, for five years from June 11, 1884, issued by the defendant to the plaintiff upon certain personal property. At the trial in the Superior Court, before *Barker*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*D. W. Bond & J. W. Mason*, for the defendant.

*J. B. O'Donnell*, for the plaintiff.

DEVENS, J. The property insured was destroyed by fire on October 11, 1885, and, assuming that it was correctly held by the court that the formal proof of loss made by the plaintiff, on May 27, 1886, was rendered too late to be a compliance with the condition of the policy of insurance upon her property, which required such proof in case of loss to be rendered " forthwith," the question to be determined is, whether there was any evidence sufficient to justify a finding by the jury that the defendant company had waived a strict compliance with such condition.

The witness, John L. Norris, was not an officer of the defendant, but acted as an insurance adjuster for it and other companies, and was directed, according to his own evidence, by the president of the defendant company, " to go and adjust the loss, to go and look it over and see if he could settle upon the damage, to ascertain the amount of damage and report to him ; that the officers of the defendant company understood that he always carried a book on purpose in which to carry blanks for proof of loss, which blanks were furnished him by the defendant company for use in cases when the loss was sustained by said defendant, and at this time he did carry such blank proofs." This latter statement was denied by the plaintiff. It was not in controversy between her and Norris that there was then prepared a statement of the loss in items, which were written down by Norris on a piece of brown paper, and which was then fixed at the sum of $623. According to the plaintiff's evidence, Norris agreed to take this paper to Boston, not having any blanks with him, and to send it to her in the course of two or three weeks, when she was to sign and swear to it; she waited three or four weeks, and received no such paper, either from Norris or from the defendant company, either then or at any subsequent time. This evidence we must hold by their verdict to have been believed by the jury. Norris, on his return, as he states, reported to the defendant company what was the amount arrived at, "that that was the whole claim against the company, that is what the proof was made up at," and, further, " that the officers of the company made no objection as to its payment," and " that they did not say anything to him about its payment at that time or afterwards."

If Norris could be considered a general agent of the company, authorized to settle the loss, and with authority to represent the company in such settlement, he would have had, as a necessary incident, the power to dispense with these stipulations for the benefit of the company, which had reference to the mode of ascertaining the liability and limiting the right of action. *Little* v. *Phœnix Ins. Co.* 123 Mass. 380. While he cannot be considered a general agent for the purpose of finally settling losses, it was understood by the defendant company that he would carry blanks for the purpose of preparing such proofs;

and if the company furnished him blanks for this purpose, the jury were warranted in finding that he was their agent in this matter of the technical proof of loss required by the terms of the policy. By virtue of such 'an agency, he could extend the time within which such proof should be made formally to the company, and make such time dependent on his own convenience in preparing it, especially after he had received from the insured a full and complete statement of the items going to make up the amount, although informally made. The proof of loss which Norris was to furnish her was to correspond with the amount arranged between them, and it is this only that the plaintiff has been held entitled to recover, although it is less in amount than the actual loss sustained by her, which the jury have found to be $725. Even if Norris was not authorized finally to settle the claim by payment, or by a draft on the defendant, and if she was not authorized so to believe by any conduct of the defendant, the facts that he did have authority to receive her statement as to the amount of her loss, and primarily, at least, to determine its amount, — to prepare and furnish to her formal proofs of loss, with which he had been furnished by the defendant, — justified her in relying upon him for the preparation of the formal proof, and in waiting until it was prepared for her.

The plaintiff also testified, that, four or five weeks after her interview with Norris, she went to one Hannum, the local agent who obtained the risk, and to whom she paid the premium, and that he wrote to the company, and received from the company a letter which is made a part of the exceptions. From the language of this letter it must be held that the defendant placed its refusal to pay the loss on the ground of some alleged misconduct of the plaintiff, and not upon any deficiency in the preliminary proof. It had received from Norris all the information it desired as to the amount of the loss. Where insurers make no objection to preliminary proof, but put their refusal to pay on some other ground, it is a reasonable inference that they waive any deficiency therein. *Graves* v. *Washington Ins. Co.* 12 Allen, 391. That the defendant can in any way have been harmed by the failure to file formal proofs of loss cannot be contended. It was in possession of all the details of the loss by the report of Norris upon the informal paper, and, upon the whole evidence,

the jury was justified in finding that it had waived a strict compliance with the condition requiring a formal proof of loss to be made forthwith.                                    *Exceptions overruled.*