MARIA DIFRANCESCO *vs.* THE ZURICH GENERAL ACCI-
DENT AND LIABILITY INSURANCE COMPANY, LIMITED.

Third Judicial District, New Haven, June Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Waiver, though involving the intentional relinquishment of a known
   right, is a question of fact which may be established by direct
   evidence or by inference from all the surrounding circumstances.

When the representative of an insurance company has performed
   services for the insured which cannot reasonably be explained
   except upon the ground that the company has waived any
   claim that the insured has failed to fulfil a condition of the
   policy, he cannot annul the effect of such conduct by a mere
   assertion that it has not produced that result.

The defendant insured the plaintiff against liability for personal
   injury or property damage arising out of the ownership of her
   automobile, the policy providing that she should give prompt
   written notice of any claim made against her. On March 24th
   the plaintiff's husband was claimed by. K to have negligently
   injured her while he was driving the automobile, though he
   denied the accusation and maintained that he had merely
   found K injured in the highway and had taken her to the hos-
   pital. On March 26th he orally informed the defendant's
   adjuster of the occurrence; and on April 30th this adjuster was
   present in the town court of West Haven and later in the
   Criminal Court of Common Pleas, when the husband was tried
   and found guilty upon a charge of reckless driving arising out
   of this occasion. On April 30th the adjuster also took in writing
   the defendant's version of the alleged accident, instructed him
   to obtain witnesses, which he did, and visited with him the
   place where K was injured. On May 17th K commenced an
   action against the plaintiff which the adjuster agreed to "take
   care of"; but on June 5th the adjuster wrote the plaintiff that
   although the defendant had entered its appearance in the
   action, it did not thereby admit "any liability for the affair"
   or enter into "any obligation on account of your violation of
   the policy contract"; and again on September 5th the defendant's
   attorney wrote the plaintiff that notwithstanding the entry of
   appearance, it would not be responsible for any judgment ren-
   dered against her. Later K recovered a judgment against the
   plaintiff which the defendant refused to pay. The present
   action was brought to collect the amount thereof together with

DiFrancesco v. Zurich General A. & L. Ins. Co., Ltd.

the incidental costs and expenses. The jury returned a verdict for the plaintiff. *Held* that the verdict was supported by the evidence since the jury might reasonably have found that under all the circumstances, including the conduct of the adjuster, the defendant had elected to act upon such oral notice as was given to the adjuster and had thus waived the requirement in the policy concerning prompt written notice.

Argued June 3d—decided October 18th, 1926.

ACTION upon a policy of automobile liability insurance to recover the amount of a judgment alleged to have been paid by the plaintiff to a third party, brought to the Superior Court in New Haven County and tried to the jury before *Booth, J.;* verdict and judgment for the plaintiff for $6,128, and appeal by the defendant. *No error.*

*Philip Pond,* with whom was *Arthur W. Chambers,* for the appellant (defendant).

*Walter J. Walsh,* with whom was *John J. Sullivan, Jr.,* for the appellee (plaintiff).

CURTIS, J. The record discloses that there was no controversy as to the following facts: The plaintiff, on March 24th, 1923, was insured by a policy of the defendant, wherein it agreed to indemnify her against loss from the liability imposed by law upon her for damages on account of bodily injuries accidentally suffered or alleged to have been suffered by any person as a result of the ownership, maintenance or use of the automobile then owned by her. The policy further provided that the defendant was to give prompt and efficient service (a) in investigating cases of bodily injuries or death or of damage to property of others coming within agreements I and II of the policy; (b) in conducting negotiations for the settlement of or in contesting any claims made on account of such cases

of bodily injuries or death, or of damage to property of others; and (c) in defending any suit brought to recover damages on account of such cases of bodily injuries or death, or of damage to property of others, unless or until the company may elect to effect a settlement of such suit; and to pay in addition to damages all expenses incurred by the company for investigation, negotiation or defense, all costs taxed against the assured in any legal proceedings defended by the company; all premium charges on attachment or appeal bonds required in all such legal proceedings; and all interest accruing after entry of judgment; and to reimburse the assured for the cost of such immediate surgical relief as shall be imperative at the time of the accident.

On March 24th, 1923, the husband of the plaintiff was driving her automobile on a highway in West Haven, and one Lottie Kolinsky was at the same time and place severely injured by being struck by an automobile, which she claimed to have been this automobile of the plaintiff.

On May 17th, 1923, Lottie Kolinsky brought an action against this plaintiff for damages for such injury, alleging that the servant of the plaintiff driving her car negligently injured her, while she was in the exercise of due care. The plaintiff denied these allegations. Upon the trial Lottie Kolinsky recovered a verdict upon which was entered judgment for $4,500. From the judgment the plaintiff herein (defendant in the other action), on the advice of her counsel, appealed the action to the Supreme Court of Errors, which court affirmed the judgment. By the terms of the judgment the plaintiff was obliged to pay to Lottie Kolinsky the sum of $4,500, with interest thereon from December 18th, 1924, together with the costs, and to

pay other expenses incurred in such action, in all amounting to about $6,000.

The defendant refused to pay the plaintiff the amount of her obligation to Lottie Kolinsky, and others arising upon the trial and judgment, because of her failure to comply with the special conditions contained in the policy, in a portion of paragraph three of the general conditions, upon the performance of which the undertaking of the defendant was dependent.

It is obvious under the admitted facts that the failure to give the defendant a written notice of a situation as to which its local agent and adjuster was given oral notice and acted thereon, did not prejudice the defendant. The failure to give the defendant a "prompt written notice" was a defense under certain conditions, but such failure can cease to be a defense if waived as is here claimed.

The plaintiff offered evidence from which the jury could reasonably have found that these facts were proven: The husband of the plaintiff was driving her automobile in question on Saturday evening, March 24th, 1923, and found Lottie Kolinsky lying in a highway in West Haven in an injured condition, and took her in the car to the New Haven Hospital; and on the following Monday he told the general insurance agents representing the defendant in New Haven, about his finding the girl and taking her to the hospital, and that the agents said, "Nobody makes a claim," and "Anything happen I will let you know." The husband was arrested about April 16th for reckless driving on March 24th, and the case was continued in the West Haven Town Court until April 30th, when the case was tried. At the trial Mr. Roche, the adjuster of the defendant, was present, and at his request the husband went, after the trial, to Mr. Roche's office and

told him what he claimed happened on March 24th, and Mr. Roche wrote it on paper and the husband signed it, and Mr. Roche also wrote on this paper, which was for the husband to sign, "I understand fully that the Company is accepting the report with a full reservation of its rights regarding failure to report an accident," and also, "I will inform my wife accordingly as the car and insurance policy are in her name. No claim for damages has been made as yet." The husband did not understand the words so written, and did not inform his wife about those words. Mr. Roche asked the husband to look for witnesses and he did so, and took two to Mr. Roche's office. He also took Mr. Roche several times to Terrace Avenue, where the Kolinsky girl was found.

Mr. Roche was also present at the trial of the husband in the Court of Common Pleas for reckless driving upon appeal from the West Haven court. In the trials of the husband for reckless driving in which he was found guilty, the evidence produced against him must have been in substance that which produced the verdict for Lottie Kolinsky against the plaintiff as above mentioned.

When the papers were served on the plaintiff in the Lottie Kolinsky case, on May 17th, 1923, the husband took the papers to Mr. Roche who said, "All right, we will take care of it."

The following facts were not contested by the plaintiff: On June 5th, 1923, after the Kolinsky suit was instituted against the assured and while the latter was still denying the occurrence of the accident, the insurer's adjuster wrote to the assured (Exhibit P) as follows:

"We are entering our appearance in the above named action, returnable the first Tuesday of June in the Superior Court, New Haven County, to avoid any

default. By so doing we are not admitting any liability for the affair, or entering into any obligation on account of your violation of the policy contract.

"If it is shown in the trial that you had knowledge of this accident and failed to report in accordance with the policy contract we shall expect you to pay any judgment entered against you."

On September 5th, 1923, while the assured was still denying the occurrence, the insurer's attorney, who had entered his appearance, wrote (Exhibit S):

"We have entered appearance in this case and are proceeding on the theory that you are in no way involved in the accident of March 24, 1923, other than taking the injured person to the hospital. We have your complete denial, in statement form, that your car did not hit the injured.

"We take the liberty of again advising you that should it be shown and proven at the trial that you are responsible for the accident, we shall feel that you have violated your policy contract, and shall further expect you to pay any judgment rendered against you.

"In other words, a judgment against you in this case will convince us that you have not extended to us your full coöperation."

The plaintiff claims that under these facts and under the other facts in evidence, the jury could reasonably have found that the defendant has had all the benefit that it could have obtained had the plaintiff made strict compliance with the provision for a written notice, and that by electing to act on such oral notice as was given to and received by the local agent and adjuster, the jury could reasonably have found that defendant has waived the right to a written notice. We think this claim fully supported if the jury found these facts as they well might have.

In this connection the case of *Eaton* v. *Globe &*

*Rutgers Fire Ins. Co.,* 227 Mass. 354, 364, 116 N. E. 536, states the law as follows: "While 'waiver is an intentional relinquishment of a known right,' it is also a question of fact which may be established by direct evidence, or can be inferred from the circumstances which in the cases at bar include the declarations and conduct of the defendants and their authorized agent or agents." See also *People's Fire Ins. Co.* v. *Pulver,* 127 Ill. 246, 20 N. E. 18; *Cahill* v. *Royal Ins. Co.,* 94 Conn. 118, 108 Atl. 544; *Germania Fire Ins. Co.* v. *Pitcher,* 160 Ind. 392, 64 N. E. 921, 66 id. 1003; *Searle* v. *Dwelling House Ins. Co.,* 152 Mass. 263, 25 N. E. 290; Cooley, Briefs on Insurance, Vol. 3, p. 2459, *et seq.*

The authority of an adjuster of an insurance company to waive compliance with the conditions of a policy is determined, under the facts in the present case, by the holding in *Dwelling House Ins. Co.* v. *Dowdall,* 159 Ill. 179, 42 N. E. 606.

The plaintiff claims that the jury might have found that the adjuster of the defendant became acquainted with all the facts that the plaintiff could have disclosed in a written notice, and that he thereafter requested and induced the plaintiff's husband to secure evidence for him relevant to the defense of the Kolinsky case, and that later the defendant's attorney took part in the defense of that case, and that such conduct is not explicable upon any ground other than that the company did not intend to rely upon the breach of condition claimed, and further that the attempt of the defendant by the conduct of the adjuster on June 5th and the attorney on September 5th, to annul the waiver already completed was ineffective.

The jury might reasonably have found these facts, and if the jury so found, the verdict rendered must have followed. *Lee* v. *Casualty Co.,* 90 Conn. 202, 96

Atl. 952; *Cahill* v. *Royal Ins. Co.*, 94 Conn. 118, 108 Atl. 544; *London & Lancashire Ind. Co.* v. *Cosgriff,* 144 Md. 660, 125 Atl. 529.

As to the conduct of the adjuster and attorney on June 5th and September 5th, 1923, which is claimed to negative a voluntary relinquishment of reliance upon a condition of the policy, it is enough to say that when an adjuster or an attorney of an insurance company has performed services for an insured which have no reasonable explanation except upon the ground that the company has waived any claim that the insured has failed to perform a condition of the policy, he cannot annul the effect of such conduct by a statement that it has not produced that result. That is this case.

The charge of the court does not appear in the record; if under the evidence a charge could have been made which would support the verdict, the court is to be assumed to have, correctly so charged.

There is no error.

In this opinion the other judges concurred.