TOWN OF ANDOVER *v.* HARTFORD ACCIDENT AND INDEMNITY COMPANY

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued January 5—decided February 8, 1966

*Eugene T. Kelly,* with whom, on the brief, were *Leon Podrove* and *William B. Collins,* for the appellant (defendant).

*Edwin M. Lavitt,* with whom, on the brief, was *Arnold W. Aronson,* for the appellee (plaintiff).

ALCORN, J.   The plaintiff town was insured by the defendant company under a "manufacturers' and contractors'" liability insurance policy. While the policy was in force, the town was sued by an individual who claimed to have been injured on a town road.   The town successfully defended the suit and, in the present action, recovered a judgment for expenses incurred in that defense.   The company has appealed, claiming that the policy did

not require it to defend the action brought against the town because the complaint in that action did not allege an injury within the coverage of the policy and because the town had breached the notice conditions of the policy.

The essential facts are not in dispute. The material provisions of the policy insured the town against liability for damages for personal injury and property damage claims arising from "Street or Road Paving or Repaving, Surfacing or Resurfacing or Scraping". No coverage was afforded "with respect to the existence of any defect in, or failure to repair or maintain in safe condition, any sewer, street, highway . . . or other equipment or facility not used in connection with an operation specifically described in the declarations of the policy." The hazards covered were subject to the exclusions, conditions and other terms of the policy, among which were the requirements that written notice of an accident be given as soon as practicable and that, if a claim was made or a suit was brought, the town should forward immediately to the company every demand, notice, summons or process received by it. The policy required the company to defend any suit for damages brought against the town which alleged an injury arising out of the hazards covered, even if the suit was groundless. Compliance by the town with all terms of the policy was stated to be a condition precedent to the company's performance of its obligations thereunder.

Arthur M. Couch claimed to have been injured in an accident on a town road on October 30, 1960, and he gave written notice to the town of his claim, pursuant to statute (now General Statutes §§ 13a-149, 13a-152), on December 9, 1960. On

October 7, 1961, his writ, summons and complaint in an action against the town for damages arising out of the injuries was served on the town. The complaint alleged that the road, "due to improper and inadequate maintenance, repairs, resurfacing, etc., on the part of the . . . [town], had been in a dangerous and unsafe condition for the passage of road traffic"; that the accident "was caused by the excessive sand, stone, gravel, oil, etc., placed on said road by the Town of Andover"; and that the section of road where the injury occurred was defective "because of the manner in which the Town of Andover maintained and repaired said highway".

On January 23, 1962, the town, for the first time, gave the company notice of the accident and claim and forwarded to it the statutory notice and Couch's writ, summons and complaint. On February 10, 1962, the company engaged counsel who entered a general appearance for the town in Couch's action without any disclaimer or reservation of the company's rights. On February 19, 1962, this attorney successfully demurred to Couch's complaint. The company notified the town, on March 27, 1962, that it declined to defend the action, and it ceased further participation in it.

After the demurrer to the complaint was sustained, an amendment immaterial to the present controversy was filed, and, in a trial defended by counsel employed by the town, judgment was rendered for the town.

I

Limiting our consideration first to the coverage stated in the policy, the question whether the company had a duty to defend depends on whether the complaint in the action against the town stated facts

which appeared to bring the injury within the policy coverage. *Connecticut Co.* v. *Mongillo,* 144 Conn. 200, 204, 128 A.2d 528; *Smedley Co.* v. *Employers Mutual Liability Ins. Co.,* 143 Conn. 510, 516, 123 A.2d 755. The coverage afforded is ascertained from the language of the policy where, as here, that language is plain and unambiguous. *Leathermode Sportswear, Inc.* v. *Liberty Mutual Ins. Co.,* 150 Conn. 63, 66, 186 A.2d 79.

As stated above, this policy covered injuries arising from paving or repaving, surfacing or resurfacing or scraping streets or roads but not those arising from the existence of defects in a road or street or a failure to repair or maintain the road or street in safe condition. The exclusion clause by its terms specifically referred to equipment or a facility not used in connection with an operation covered by the policy. Such a covered operation was the paving or repaving, or surfacing or resurfacing, of a street or road. The language of the Couch complaint obviously was designed to embrace any state of facts which might support a recovery. On the one hand it may be construed as asserting an injury arising from "the manner in which" a resurfacing or repair operation then in process was being performed. On the other hand it may be construed to claim a failure to repair some existing defect. Since the company's duty to defend depended only on whether the allegations appeared to bring the injury within the policy coverage, it had a duty to defend under the language of Couch's complaint, which appeared to include the manner of conducting an operation covered by the policy. *Goldberg* v. *Lumber Mutual Casualty Ins. Co.,* 297 N.Y. 148, 154, 77 N.E.2d 131. The inexactness of the allegations as to the cause of the injury typifies the all too common form of

complaint which endeavors to embrace everything which might afford a basis of recovery.

## II

Even though the company had the duty to defend under the coverage afforded, that duty was still dependent on the town's compliance with the notice requirements of the policy. Clearly enough the town's failure to apprise the company of a December, 1960 notice of claim until January, 1962, was a material breach of the policy condition. See *Curran* v. *Connecticut Indemnity Co.,* 127 Conn. 692, 696, 20 A.2d 87. The town tacitly acknowledges this but argues that the company is barred by estoppel or waiver from asserting the delay as a ground for absolving it from liability.

The trial court found both waiver and estoppel to exist. The court's conclusion as to estoppel rested on the premise that the town was prejudiced by the company's action in demurring, thereby alerting Couch to a weakness in his complaint. These facts, in the light of the subsequent successful defense of Couch's action, do not support a conclusion that the town was prejudiced. Without proof that the town was prejudiced an estoppel could not be found to exist. *Mercier* v. *American Refractories & Crucible Corporation,* 151 Conn. 559, 565, 200 A.2d 716; *State* v. *Stonybrook, Inc.,* 149 Conn. 492, 501, 181 A.2d 601; *O'Connor* v. *Metropolitan Life Ins. Co.,* 121 Conn. 599, 610, 186 A. 618.

Waiver, as distinguished from estoppel, is the intentional relinquishment of a known right. *Jenkins* v. *Indemnity Ins. Co.,* 152 Conn. 249, 257, 205 A.2d 780. "In the law of insurance, a breach of condition or warranty, out of which avoidance of the policy may be claimed, does not operate automat-

ically to forfeit or avoid the policy, but sets in operation a right of choice. The insurer may elect either to continue or to terminate. The condition or warranty, the breach of which gives such right of avoidance, is subject to waiver either by express agreement or acts of the insurer from which waiver may be implied". *MacKay* v. *Aetna Life Ins. Co.,* 118 Conn. 538, 547, 173 A. 783.

When the company, after receipt of the obviously late notice from the town, caused an attorney to file a general appearance without a disclaimer or reservation of its rights and actually proceeded with the defense by pleading a successful demurrer, its actions constituted a waiver of its right to avoid its obligations under the policy. It therefore had the duty to defend the action, and, since it failed to do so, the town is entitled to recover the expense it incurred for that defense. *Goldberg* v. *Lumber Mutual Casualty Ins. Co.,* supra.

There is no error.

In this opinion the other judges concurred.