NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA

v.

Benjamin MASTRONI, Norman C. Greenberg and Ronald Olmstead, d/b/a O'Donnell Agency.

Civ. No. B–90–321 (WWE).

United States District Court, D. Connecticut.

Dec. 27, 1990.

---

George A. Reilly, Jackson & Nash, Eric M. Babat, Serchuk & Zelermyer, Rowayton, Conn., for National Union Fire Ins. Co. of Pittsburgh, Pa.

Robert J. Cooney, Bridgeport, Conn., for Benjamin M. Mastroni and Ronald Olmstead.

## RULING ON MOTION TO DISMISS

EGINTON, District Judge.

### BACKGROUND

On or about April 23, 1988, plaintiff National Union Fire Insurance Company of Pittsburgh, Pennsylvania, ("National Union"), issued and delivered a Real Estate Agents and Brokers Professional Liability Policy No. RCM–6605591, a claims-made policy with a term of April 23, 1988 to April 23, 1989 (the "policy"). Pursuant to the policy, the O'Donnell Agency and defendants Mastroni, Greenberg and Olmstead were all deemed insureds.

On or about January 12, 1989, complaints were filed in state court against the same defendants named in this action. The plaintiff in all the state court actions is Jonathan Burr. In those actions Burr alleges, *inter alia*, that defendants failed to perform their obligations under a property management agreement entered into between Burr and the defendants concerning certain properties owned by Burr. Burr claims that under the agreement defendants were to collect rents, hold and account for security deposits, maintain the properties in good repair and make timely payment on all taxes, mortgage, insurance and other obligations concerning the properties. Each of the five state court actions seek damages in excess of $15,000 for

claims of breach of contract, negligence, gross negligence, breach of fiduciary duty and unfair and deceptive trade practices. National Union is currently providing defendants with a defense to those actions but has issued a reservation of rights letter reserving its right to deny coverage under the policy.

On June 29, 1990, National Union brought the instant action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 seeking a declaration that it has no duty to defend or indemnify any of the defendants in the pending state court actions. The basis of National Union's complaint in this action is that two provisions of the policy, Exclusion (g)[1] and the section of the policy entitled "Loss Provisions"[2], are triggered by the acts and/or omissions of defendants, thus relieving National Union's duty to defend and indemnify defendants. Specifically, National Union alleges that the conduct giving rise to Burr's claims began prior to the effective date of the policy and that defendants knew or could have reasonably foreseen that their conduct did or could lead to a claim or suit. In addition, National Union alleges that in submitting their application to obtain a policy the defendants never informed National Union of complaints which had been lodged with defendants by Burr. Further National Union contends that defendants did not timely notify it of Burr's claims against them.

Defendants have filed the instant motion, claiming that there are several grounds upon which National Union's complaint should be dismissed. First, under Rule 12(b)(6) of the Federal Rules of Civil Procedure defendants claim that plaintiff's complaint fails to state a claim upon which relief can be granted. In addition, defendants claim that this court lacks jurisdiction because plaintiff does business in Connecticut, thereby destroying diversity jurisdiction. Defendants also argue that the court lacks jurisdiction because the amount in controversy is less than $50,000. Further defendants claim that plaintiff has an alternative remedy at law and thus should be barred from bringing a declaratory judgment action. Finally, defendants suggest that plaintiff is barred from bringing this action because of the amount of time which elapsed between the commencement of the state court proceedings and the institution of this action. As an alternative to dismissal defendants seek a stay pending the outcome of the ongoing state court actions.

For the reasons set forth below defendants' motion to dismiss or alternatively to stay the action will be denied.

## DISCUSSION

### A. Jurisdiction

In support of their motion to dismiss defendants challenge this court's subject matter jurisdiction on the grounds that 1) there is no diversity of citizenship between the parties, because National Union does business or is licensed to do business in Connecticut, the defendants' state of citizenship, and 2) that the amount in issue does not exceed $50,000, because, defendants argue, there is no merit to the state court claims. To the contrary, it is defendants' contentions in this motion which are without merit.

A corporation is deemed a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). The complaint in this action indicates that National Union is incorporated in the state of Pennsylvania and has its principal place of business in New York. Defendants are citizens of the state of Connecticut. Thus, there is complete diversity among the parties. That National Union may do business in

---

1. Exclusion (g) provides that the policy does not apply "to any wrongful Act committed prior to the beginning of the Policy Period, if on or before the inception date of this policy any Insured knew or could have reasonably foreseen that such Wrongful Act did or could lead to a claim or suit."

2. Under the "Loss Provisions" section of the policy, it is stated that "The Insured shall, as a condition precedent to the availability of the rights provided under this policy, give written notice to the Company as soon as practicable during the Policy Period ... of any claim made against the Insured ..."

Connecticut, or is licensed to do business in Connecticut, does not alter this conclusion.

Additionally, the amount in controversy clearly exceeds $50,000. In each of the five state court actions, Burr demands damages, including punitive damages, in excess of $15,000, for a total claim in excess of $75,000.

### B. *Failure to state a claim*

 A motion to dismiss under Rule 12(b)(6) must be decided solely on the facts alleged. *Goldman v. Belden*, 754 F.2d 1059, 1065–66 (2d Cir.1985). Such motion should be granted only where no set of facts consistent with the allegations could be proven which would entitle plaintiffs to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In considering the motion, the complaint should be construed liberally and viewed in the light most favorable to the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The issue is not whether plaintiff will prevail but whether it should be afforded the opportunity to offer evidence to prove its claims. *Id.*

The question in this case is whether or not defendants have established that there is no set of facts which would entitle plaintiff to a declaratory judgment relieving it of any obligation to defend the state court actions. Although the duty to defend is clearly broader than the duty to indemnify, *See Missionaries of Co. of Mary, Inc. v. Aetna Casualty & Surety Co.*, 155 Conn. 104, 110, 230 A.2d 21 (1967), the court finds, without deciding the merits, that defendants have failed to meet their burden on this issue.

### C. *Alternative Remedy*

In their motion to dismiss defendants argue that Section 38–175 of the Connecticut General Statutes provides National Union with another adequate remedy at law, thereby precluding a judgment for declaratory relief at this time. However, the Court finds Section 38–175 to be inapplicable. Section 38–175 of the Connecticut General Statutes deals with the liability of an insurer to pay for a covered "loss or damage on account of a bodily injury or death by accident of any person, or damage to the property of any person" caused by its insured. The statute expressly refers only to an insurer's indemnity obligation and not to its duty to defend, and there is nothing in the statute indicating that it applies to losses covered by professional liability policies, such as the one involved here. Thus, contrary to defendants' contention, Section 38–175 does not provide another adequate remedy to National Union.

Moreover, even if Section 38–175 did apply in this case, Rule 57 of the Federal Rules of Civil Procedure, entitled "Declaratory Judgments," expressly states that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Thus, even if Section 38–175 provides another adequate remedy, it would not preclude a declaratory judgment in this case.

### D. *Waiver/Estoppel*

 Under Connecticut law, waiver is the "intentional relinquishment of a known right." *Town of Andover v. Hartford Accident and Indemnity Co.*, 153 Conn. 439, 444, 217 A.2d 60 (1966). An insurer waives its right to disclaim based upon a breach of a policy condition if it has knowledge of the facts giving rise to the disclaimer, but elects to continue its defense. *Arton v. Liberty Mutual Insurance Co.*, 163 Conn. 127, 302 A.2d 284 (1972).

 Here, after an initial investigation, National Union reserved its rights under the policy in writing based on specifically enumerated grounds, including prior knowledge and late notice, and advised defendants that it was continuing its investigation of the matter. Under such circumstances it cannot be said that National Union waived its right to disclaim coverage under the policy.

 In addition, Connecticut law provides that an insurer's failure to timely deny coverage or raise defenses based

upon the insured's noncompliance with the policy's conditions may estop the insurer from exercising its right to disclaim coverage if the insured is prejudiced by such delay. *Town of Andover v. Hartford Accident and Indemnity,* 153 Conn. at 444, 217 A.2d 60.

Defendants in this case have not demonstrated any prejudice resulting from the alleged delay occurring between the commencement of the state court actions and the filing of this declaratory judgment action. Defendants were aware from the outset that National Union questioned its coverage obligations and the company clearly and timely reserved its rights in this matter when defense counsel was assigned. Defendants were expressly advised that National Union was continuing its investigation of this matter. Defendants have had the advice of their own personal counsel throughout the litigation and, according to National Union, this declaratory judgment action was commenced only after it became clear that no further information could be obtained outside the scope of a lawsuit to enable it to complete its investigation. In the meantime, defendants have been provided with defense counsel and National Union has assumed responsibility for their defense costs to date. Under such circumstances, National Union is not estopped from raising its coverage defenses in this action.

### E. *Stay*

As an alternative to dismissal, defendants assert that this action should be stayed pending the disposition of the pending state court actions. In support of their request for a stay defendants assert that National Union's coverage obligations cannot be determined in this action until after the adjudication of the issues raised in the state court actions. As plaintiff points out, this contention is tantamount to saying that there is no presently justiciable case or controversy between the parties herein. While this generally may be true with respect to an insurer's obligation to indemnify its insureds in the event of a judgment against them in the underlying action, the issue of National Union's duty to defend the state court actions on behalf of the defendants is clearly ripe for consideration. As the Third Circuit has noted:

> The justiciability of the parties' obligation to defend the underlying suit is an *a fortiori* case. The obligation to defend is a current one as to which the parties are in conflict. It is independent of the facts of the underlying causes and must, by definition, be handled at this time. This court and others have by now well established that a disagreement on the insurers' obligation to defend is a "case or controversy."

*A CandS, Inc. v. Aetna Casualty & Surety Co.,* 666 F.2d 819, 823 (3d Cir.1981). *See also Firestine v. Poverman,* 388 F.Supp. 948, 950 n. 4 (D.Conn.1975).

Further, the claims raised by National Union in this action relating to its duty to defend do not warrant a stay because they are not dependent upon the state court adjudication of whether the defendants properly carried out their professional obligations under their property management agreements with Burr. National Union claims it does not have a duty to defend because of the prior conduct/knowledge exclusion and because of the late notice provision, not because of any wrongful conduct which is the subject of the state court action. Nor is this a case regarding an insurer's duty to defend where the sole issue is whether the policy "covers" the injury in dispute, thus requiring full factual development before issues of the duty to defend can be resolved. In fact, for the purpose of this motion, the court considers the question of coverage to be admitted. In this case, resolution of the issues raised in the state court actions will not resolve the issues raised by National Union in this action regarding its duty to defend.

Finally, because of the nature of the claims in this case, a determination of National Union's duty to defend would also determine its duty to indemnify. If the prior conduct/knowledge exclusion applies or late notice is found—the only reasons National Union would be relieved of its duty to defend—then National Union would

likewise be relieved from its obligation to indemnify the insureds regardless of the disposition of the state court actions. Indeed, as with the duty to defend, none of the issues raised by National Union's claims of late notice and prior knowledge in this action will even be raised in the state court actions. Therefore, a stay of the issue of National Union's duty to indemnify is equally as inappropriate as a stay of the issue of the duty to defend. These are issues on which National Union may properly conduct discovery, *see Commercial Union Ins. Co. v. International Flavors and Fragrances, Inc.*, 822 F.2d 267 (2d Cir.1987), and which this court can properly address upon completion of that discovery and the conduct of a hearing and the submission of briefs.

## CONCLUSION

For the reasons set forth above defendants' motion to dismiss or alternatively stay this action is hereby DENIED in its entirety.