[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION FOR SUMMARY JUDGMENT
The single issue raised in the defendant's Motion for Summary Judgment is whether there is any genuine issue as to a material fact as to the plaintiff's failure to comply with the consent to settle provision of her insurance policy with the defendant. Applying the procedural law of summary judgment to the substantive law, the court finds there exists a genuine issue and denies the motion.
Procedural and Factual Background
The plaintiff brought this action for injuries she received arising out of a November 27, 1993, automobile accident with an uninsured driver, Luis Vasquez, who was driving an automobile owned by Joseph Garner. Joseph Garner held a policy with Peerless Insurance with liability coverage of $20,000. On January 25, 1995, the plaintiff settled her claim against Vasquez and Garner for the $20,000 Peerless policy limits and released both individuals from further liability. On November 25, 1995, the plaintiff brought this action against the defendant, who is her insurer under an automobile liability policy in effect at the time of the accident to recover underinsured benefits. In one of its special defenses the defendant alleges the plaintiff's failure to comply with a provision of coverage.
The relevant provision in the subject policy reads as CT Page 10042 follows:
EXCLUSIONS
 A. We do not provide Uninsured Motorists Coverage for "bodily injury" sustained by any person:
 2. If that person or the legal representative settles the "bodily injury" claim without our consent.
The defendant asserts and the plaintiff does not contest that the plaintiff did not obtain the consent of the defendant before settling for the $20,000 with Vasquez and Garner.
Discussion
The defendant argues that as a matter of law it is entitled to judgment in its favor 1) because the plaintiff did not comply with the consent to settle provision and 2) because that noncompliance prejudiced the defendant. The issue of the provision's validity was not raised by the plaintiff in its opposition papers, so that the court need not address it in this motion.[1] The plaintiff does argue that the defendant has waived the need for compliance with the provision. As to the claim of prejudice, the defendant relies upon Westcester FireIns. Co. v. Allstate Insurance Co., 236 Conn. 362 (1996), to argue that there is no genuine issue as to the prejudice it suffers as a result of the noncompliance. In Westchester, the Supreme Court overruled Berlinski v. Ovellette, 164 Conn. 482
(1973) to hold that an uninsured carrier may be subrogated to its insured's claim against the uninsured tortfeasor. Since the plaintiff here has released the tortfeasors, the defendant argues it has lost its right to subrogation. The court finds this argument persuasive but not persuasive enough to overcome the issue as to waiver.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ." (Citation omitted.) Doty v. Mucci,238 Conn. 800, 805 (1996). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Catzv. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). "In deciding CT Page 10043 a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citation omitted.) Doty v. Mucci, supra, 238 Conn. 805. "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381. . . ." (Citations omitted). Id. "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact[.]" (Internal quotation marks omitted.)Miller v. United Technologies Corp., 233 Conn. 732, 751-52,660 A.2d 810 (1995).
The waiver issue raised by the plaintiff arises from the events prior to the initiation of this suit. By affidavit and document, the plaintiff proffers evidence that the defendant's negotiations with the plaintiff after the Vasquez/Garner settlement amounted to an implied waiver of the plaintiff's noncompliance with the consent to settle provision. Waiver is the intentional relinquishment of a known right. The waiver does not have to be express, but "may consist of acts or conduct from which waiver may be implied". Andover v. Hartford Accident Indemnity Co., 153 Conn. 439, 445, 217 A.2d 60 [1966]. In other words, waiver may be inferred from the circumstances if it is reasonable to do so. DiFrancesco v. Zurich General Accident Liability Ins. Co., 105 Conn. 162, 168, 134 A. 789 [1926]. "Waiver is a question of fact for the trier." Loda v. H. K. Sargeant Associates, Inc., 188 Conn. 69, 76, 448 A.2d 812 (1982).
At oral argument the defendant suggested that the affidavit submitted by plaintiff's attorney should be stricken in light of Rule 3.7 of the Code of Professional Responsibility. However, the defendant has not represented that the facts contained in the affidavit are contested. See (a)(1) of Rule 3.7. In light of the content of the affidavit and posture of the case, the court will consider the affidavit. See Beers v. Bayliner Marine Corporation,236 Conn. 769 (1996). The content of the affidavit is corroborated by the March 20, 1995 letter of the defendant to plaintiff's attorney evidencing negotiation between the parties.
While the court has found a genuine issue as to a material fact, it does not decide it. McColl v. Pataky, 160 Conn. 457, 459
CT Page 10044 (1971).
The Motion for Summary Judgment is denied.
DiPentima, J.