[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 26, 1997
FACTS
On May 19, 1995, the plaintiff, Patrons Mutual Insurance Company of Connecticut (Patrons), filed a one count complaint against the defendants, Felix Maguire and Michael Gerlander, seeking declaratory relief pursuant to General Statutes § 52-29
and Practice Book § 388 et seq. The plaintiff alleges the following facts in its complaint.
According to Patrons, Gerlander instituted a separate action against Maguire alleging claims for intentional sexual assault, reckless sexual assault and intentional infliction of emotional distress. Gerlander alleges in this separate action that his mother rented a house from Maguire in 1986 and Maguire would visit Gerlander at this house while Gerlander's mother was working. According to Gerlander, Maguire sexually assaulted, abused and exploited him during these visits causing him to suffer various injuries. Gerlander alleges that he was fifteen years of age when these alleged sexual assaults occurred.
At the time of the alleged sexual assault, Maguire possessed a homeowners insurance policy and two umbrella policies with Patrons. Maguire filed a claim with Patrons for coverage as a result of the Gerlander action. Patrons originally refused to provide Maguire with legal representation and coverage because Gerlander had alleged claims for injuries arising out of sexual molestation. According to Patrons' refusal letter, sexual molestation is the result of intentional conduct and claims stemming from Maguire's intentional conduct are not covered under its insurance policies. (Letter from Patrons to Maguire, Patrons' Exhibit C, May 28, 1992.) Gerlander then amended his complaint and alleged a claim for reckless sexual assault and, as a result. Patrons hired the law firm of McGrail, Carroll and Sheedy to represent Maguire in the Gerlander action.
Patrons then filed this declaratory judgment action. According to Patrons, sexual assault upon a minor is always the result of intentional conduct. Since its insurance policies do not provide coverage for injuries caused by intentional conduct, Patrons seeks a declaratory judgment from this court stating that CT Page 2649 Patrons does not possess a duty to defend or indemnify Maguire in the Gerlander action because the alleged sexual assaults occurred when Gerlander was a fifteen year old minor.
On September 18, 1995, Maguire filed an amended answer, special defense and counterclaim to Patrons' action for declaratory judgment. By way of its special defense, Maguire alleges that Patrons waived its right to seek this declaratory judgment because it has already hired the law firm of McGrail, Carroll and Sheedy to represent Maguire in the Gerlander action without reserving its rights. Maguire alleges in his counterclaim that Patrons breached its contract with him when Patrons caused McGrail, Carroll and Sheedy to disseminate information, obtained by it through its representation of Maguire, to the law firm of Howard, Kohn, Sprague and Fitzgerald, the firm representing Patrons in the present action. Maguire also alleges that Patrons breached its contract by instituting this action and by failing to compensate Maguire for attorneys fees incurred by Maguire from May 5, 1992 to April 22, 1995. In addition, Maguire alleges that the above actions constitute a breach of Patrons' covenant of good faith and fair dealing.
On July 26, 1996, Patrons filed a motion for summary judgment requesting the court to enter judgment in its favor on the complaint, and on Maguire's special defense and counterclaim. In support of its motion, Patrons filed a supporting memorandum of law, the affidavit of William Bosworth, Vice President of Claims for Patrons, copies of the insurance policies issued to Maguire, copies of letters sent from Patrons to Maguire concerning coverage of Gerlander's claims, copies of letters sent from Maguire's attorneys to Patrons concerning the coverage issue, a copy of Maguire's answers to Patrons' request for admissions, a copy of Maguire's answers to Patrons' interrogatories, the affidavit of John Fitzgerald, a partner in the law firm Howard, Kohn, Sprague Fitzgerald, a copy of a letter sent by Patrons to the law firm of McGrail, Carroll and Sheedy, a copy of a letter sent by McGrail, Carroll and Sheedy to Patrons, and a copy of a letter sent by the law firm of Howard, Kohn, Sprague and Fitzgerald to Patrons.
On September 10, 1996, Maguire filed a memorandum of law in opposition to Patrons' motion for summary judgment to which Patrons filed a reply. In support of his memorandum in opposition to Patrons' motion, Maguire filed copies of letters sent by Patrons to Maguire, a copy of a letter sent by Patrons to CT Page 2650 McGrail, Carroll and Sheedy, copies of letters sent by William Turney of McGrail, Carroll and Sheedy to Patrons, copies of Maguire's insurance policies, a copy of a letter sent by McGrail, Carroll and Sheedy to Patrons, a copy of a letter sent by Attorney John Fitzgerald to Patrons, and a copy of a bill sent by the law firm of Howard, Kohn, Sprague and Fitzgerald to Patrons.
DISCUSSION
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrettv. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994).
Duty to Defend and Indemnify
Patrons argues that the court should enter judgment on its complaint because sexual assault upon a minor is, as a matter of law, caused by intentional conduct. According to Patrons, its insurance contract with Maguire does not cover claims caused by intentional conduct. Therefore, Patrons states that the court should declare that Patrons does not owe a duty to defend or indemnify Maguire in the Gerlander action.
"The distinction between intentional and unintentional invasions draws a bright line of separation among shadings of almost infinitely varied human experiences." (Internal quotation marks omitted.) American National Fire Ins. Co. v. Schuss,221 Conn. 768, 775, 607 A.2d 418 (1992). "In its most common usage, intent involves (1) . . . a state of mind (2) about consequences
of an act (or omission) and not about the act itself, and (3) it extends not only to having in the mind a purpose (or desire) to bring about given consequences but also to having in mind a belief (or knowledge) that given consequences are substantially certain to result from the act." (Emphasis in original: internal quotation marks omitted.) American National Fire Ins. Co. v.Schuss, supra, 776. "Also, the intentional state of mind must CT Page 2651 exist when the act occurs." Id. "Thus, intentional conduct extends not only to those consequences which are desired, but also to whose which the actor believes are substantially certain to follow from what the actor does." (Internal quotation marks omitted.) Id. "Furthermore, it is not essential that the precise injury which was done be the one intended." (Brackets omitted; internal quotation marks omitted.) Id. "Rather, it is an intent to bring about a result which will invade the interests of another in a way that the law forbids." (Internal quotation marks omitted.) Id.
"The Connecticut appellate courts have yet to address the issue of whether alleged acts of sexual abuse of a minor may be deemed intentional or negligent. The overwhelming majority of jurisdictions that have considered the issue, however, have held that an intent to injure may be inferred as a matter of law in cases involving sexual contact between a child and an adult regardless of the insured's subjective intent." (Internal quotation marks omitted.) Middlesex Mutual Assurance Co. v. Rand,
Superior Court, judicial district of Middlesex at Middletown, Docket No. 76644 (April 4, 1996, Stanley, J., 16 CONN. L. RPTR. 414). "The courts following the majority approach have concluded that sexual misconduct with a minor is objectively so substantially certain to result in harm to the minor victim, that the perpetrator cannot be allowed to escape society's determination that he or she is expected to know that." (Internal quotation marks omitted.) Id.
In support of his argument in opposition to Patrons' motion for summary judgment, Maguire relies on State Auto MutualInsurance Company v. McIntyre, 652 F. Sup. 1177, 1193-94 (N.D.Ala. 1987), where the court held that whether a perpetrator intentionally sexually assaulted the minor is a question dependent on the perpetrator's subjective intent and his intent would not be inferred as a matter of law. State Auto MutualInsurance Company v. McIntyre concerned the federal district court's interpretation and application of Alabama law because the case was a diversity action involving an insurance contract issued to Alabama residents. Id., 1186.
In 1993, the Supreme Court of Alabama in State Farm Fire andCasualty Company v. Davis, 612 So.2d 458 (1993), criticized the holding in State Auto Mutual Insurance Company v. McIntyre and held that under Alabama law the perpetrator's intent would be inferred if that perpetrator sexually assaulted a minor. The CT Page 2652 court based its holding on statements made in Zordan v. Page,500 So.2d 608, 613 (Fla.Dist.Ct.App. 1986), where that court stated that it was "absolutely unwilling to deny the foreseeability of injury to a child who is subjected to sexual abuse. It defies human response and sensitivity to conclude that the inevitable product of the sexual molestation of a child is not intended. That conduct inescapably inspires some response in the minor victim. Whether the response is a precocious excitation of libido, an utter revulsion or simply confusion, the child suffers grave psychological injury. Indeed, the fact that the ultimate goal of this litigation is to acquire funding to reconstruct the child's emotional status is a testament to the soundness of my urging that we not afford slavish adherence to a principle [subjective intent to harm] that simply does not fit the context. The damage the child suffered flowed just as surely from the insured's criminal acts as if he had taken his fist or club and struck her in the face." (Internal quotation marks omitted.) State Farm Fire and Casualty Company v. Davis, supra,
465, quoting Zordan v. Page, supra, 613. Accordingly, the court in State Farm Fire and Casualty Company v. Davis, supra, 465, following the majority rule, held that the court would infer that a perpetrator intentionally committed sexual assault when the victim is a minor because "sexual misconduct with a minor is objectively so substantially certain to result in harm to the minor victim . . ." Therefore, the holding and analysis contained in State Auto Mutual Insurance Company v. McIntyre is no longer applicable because of the Supreme Court of Alabama's holding inState Farm Fire and Casualty Company v. Davis.
Maguire also relies on MacKinnon v. Hanover Insurance Co.,471 A.2d 1166 (N.H. 1984), a case decided by the Supreme Court of New Hampshire. In 1986, however, the Supreme Court of New Hampshire in a declaratory judgment action found that an insurance policy did not provide coverage for liability arising from an insured's acts of sexual assault upon a minor. VermontMutual Insurance Company v. Malcolm, 517 A.2d 800 (N.H. 1986). The court indicated that "[t]he assaults were inherently injurious in the most obvious sense that they could not be performed upon a boy without appalling effects on his mind as well as forbidden contacts with his body." Id., 802. In addition, the court stated, "[b]ecause of the causation of psychological injury was thus inherent in the acts alleged, the acts can not be treated as accidental causes, and the defendant's claims that he did not actually intend to inflict the particular psychological injury claimed is irrelevant." Id., 803. Accordingly, it appears CT Page 2653 that the state of New Hampshire now follows the majority rule by inferring intent in sexual assault cases involving minors.
Although the Connecticut appellate courts have not decided the issue, two Connecticut superior courts have chosen to follow the majority rule. Middlesex Mutual Assurance Co. v. Rand,
Superior Court, judicial district of Middlesex at Middletown, Docket No. 76644 (April 4, 1996, Stanley, J., 16 CONN. L. RPTR. 414); Allstate Insurance Company v. Plude, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 303371 (February 1, 1995, Saden, J., 13 CONN. L. RPTR. 453). Since Connecticut also finds that a person acts intentionally when that actor is substantially certain that the consequences of his acts are to follow, and because the majority of the courts have found that sexual assaults upon minors always result in some type of injury, this court also follows the majority rule and finds that when a complaint alleges a claim for sexual assault upon a minor, it will be inferred that the perpetrator intentionally committed the assault because society deems that the perpetrator will always be substantially certain that an injury will occur. Accordingly, since Patrons' homeowners and umbrella insurance policies expressly exclude coverage for liability arising from intentional acts, the court finds that Patrons does not owe a duty to indemnify Maguire in the underlying Gerlander action.
Patrons further argues that it does not owe Maguire a duty to defend him in the Gerlander action. "[T]he duty to defend does not depend on the insurer's ultimate liability to pay."Missionaries of Co. of Mary, Inc. v. Aetna Casualty Surety Co.,155 Conn. 104, 112, 230 A.2d 21 (1967). "[T]he duty to defend means that the insurer will defend the suit, if the injured party states a claim, which, qua claim, is for an injury covered by the policy; it is the claim which determines the insurer's duty to defend . . ." (Internal quotation marks omitted.) Id. In the underlying action, Gerlander alleges a claim for injuries that he incurred from Maguire's alleged sexual assault upon him when he was a minor. Because of the above reasoning, it is inferred that Maguire intentionally caused these injuries. Since, as a matter of law, Maguire intentionally caused Gerlander's injuries, Gerlander has not stated a claim which is covered by Patrons' insurance policies. Therefore, Patrons does not owe a duty to defend Maguire in the Gerlander action.
Breach of Contract
CT Page 2654
In his counterclaim, Maguire alleges that Patrons breached its contract with him by failing to provide him with coverage and legal representation in the Gerlander action. Maguire also alleges that Patrons breached its contract by causing the firm representing Maguire to disseminate information to the firm representing Patrons in the present case. Patrons never possessed any obligations to Maguire under the insurance policies. Therefore, Patrons could not have and did not breach its insurance contracts.
 Breach of the Covenant of Good Faith and Fair Dealing
Patrons argues that the court should also enter judgment in its favor on Maguire's counterclaim alleging a cause of action for breach of the covenant of good faith and fair dealing. "[T]he implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships, including . . . insurance contracts . . ." (Citations omitted; internal quotation marks omitted.) Verrastro v. Middlesex Ins.Co., 207 Conn. 179, 190, 540 A.2d 693 (1988). The covenant of good faith and fair dealing requires "that neither party do anything that will injure the right of the other to receive the benefits of the agreement." (Internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 200,663 A.2d 1001 (1995). "The concept of good faith and fair dealing is essentially a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." (Internal quotation marks omitted.) Verrastro v.Middlesex Ins. Co., supra, 190.
In the present case, Maguire does not possess any rights to receive any benefits under Patrons' insurance contracts because Patrons does not owe a duty to indemnify or defend Maguire in the underlying Gerlander action. Because Maguire never possessed any benefits under the insurance policies, Patrons could not have done anything to interfere with Maguire's ability to attain those benefits. Moreover, the court cannot hold that Patrons owed a duty of good faith and fair dealing to Maguire when the insurance policies' terms expressly exclude coverage in this case. Id.
Therefore, the court enters judgment in favor of Patrons on Maguire's claim for breach of the covenant of good faith and fair CT Page 2655 dealing alleged in his counterclaim.
Waiver
Maguire argues that Patrons waived its right to argue that it does not possess a duty to defend or indemnify Maguire in the Gerlander action because Patrons has already provided Maguire with legal representation without reserving its rights. "Waiver . . . is the intentional relinquishment of a known right." Andover v. Hartford Accident Indemnity Co.,153 Conn. 439, 444, 217 A.2d 60 (1966). "In the law of insurance, a breach of condition or warranty, out of which avoidance of the policy may be claimed, does not operate automatically to forfeit or avoid the policy, but sets in operation a right of choice. The insurer may elect either to continue or to terminate. The condition or warranty, the breach of which gives such right of avoidance, is subject to waiver either by express agreement or acts of the insurer from which waiver may be implied." (Internal quotation marks omitted.) Id., 444-45.
In Andover v. Hartford Accident Indemnity Co., supra,153 Conn. 445, the insured failed to notify the insurance company of the claim within the time prescribed by the insurance policy. Accordingly, the insurance company could have avoided its obligation to defend its insured. Id., 444. The court, however, found that the insurance company waived its right to avoid this obligation because "the company, after receipt of the obviously late notice from the town, caused an attorney to file a general appearance without a disclaimer or reservation of its rights and actually proceeded with the defense by pleading a successful demurrer . . ." (Emphasis added.) Id. 445.
In the present case, Patrons originally refused to defend Maguire in the Gerlander action because, according to Patrons, sexual molestation is intentional conduct which is not covered under the insurance policies. (Letter from Patrons to Maguire, Patrons' Exhibit C, May 28, 1992.) Gerlander then amended his complaint and alleged a claim for reckless conduct. Patrons then notified Maguire that "[o]n the basis of the amended complaint we agree to provide Reverend Maguire a defense subject to thereservations opined in my letter to the insured in response tothe original complaint in May 28, 1992." (Emphasis added.) (Letter from Patrons to Maguire's attorney, Hugh Keefe, Esq., Patrons' Exhibit E, April 17, 1995.) In this case, unlike Andoverv. Hartford Accident Indemnity Co., the insurance company CT Page 2656 expressly reserved its rights to argue that it does not possess a duty to defend or indemnify Maguire in the Gerlander action because Gerlander's injuries were caused by intentional conduct which is not covered under Patrons' insurance policies. Therefore, it is submitted that Patrons did not waive its rights to avoid its obligations under the insurance policies.
CONCLUSION
For the foregoing reasons, the court enters judgment on Patrons' complaint and declares that Patrons does not possess a duty to defend or indemnify Maguire in the Gerlander action. Furthermore, the court enters judgment in Patrons' favor on Maguire's counterclaim and special defense.
McMAHON, J.