SUMMARY ORDER
Paragon Builders of CT, Inc., the assignee of plaintiff JEM, Inc.’s claim, appeals in this diversity action from a judgment of the United States District Court for the District of Connecticut. The court granted a motion for summary judgment by the defendant, Seneca Insurance Co., ruling that JEM, the insured, was not entitled to coverage for its claim of loss because it had breached a condition of its insurance policy requiring a “detective bureau” to “occup[y] [the insured] building seven ... days a week for two 8 hour shifts.” We assume the parties’ familiarity with the facts and procedural history of this case. The question presented is whether there exists a genuine issue of fact as to whether Seneca impliedly waived the detective bureau condition, thereby requiring Seneca to cover the claim notwithstanding JEM’s avowed breach. We think not.
Under Connecticut insurance law, a breach of condition or warranty, out of which avoidance of the policy may be claimed, does not operate automatically to forfeit or avoid the policy, but sets in operation a right of choice. The insurer may elect either to continue or to terminate. The condition or warranty, the breach of which gives such right of avoidance, is subject to waiver either by express agreement or acts of the insurer from which waiver may be implied.
Town of Andover v. Hartford Accident & Indem. Co., 153 Conn. 439, 444-45, 217 A.2d 60, 63 (1966) (internal quotation mark omitted).
“Waiver is the intentional relinquishment of a known right.’ ” Novella v. Hartford Accident & Indem. Co., 163 Conn. 552, 561-62, 316 A.2d 394, 400 (1972) (quoting, inter alia, Jenkins v. Indem. Ins. Co., 152 Conn. 249, 257, 205 A.2d 780, 784 (1964)). Proof of waiver therefore requires evidence of “both knowledge of the existence of the right and intention to relinquish it.” Id. at 562, 316 A.2d 394 (internal quotation mark omitted).
*493 Seneca disclaimed coverage in its answer to the complaint which initiated this action, approximately seven months after it received notice from JEM of the claim. Paragon argues that Seneca waived any defense to indemnification arising out of JEM’s breach of the detective bureau condition because Seneca failed to clearly and timely communicate to JEM its intention to rely on that defense. We think the passage of seven months did not constitute an implied waiver, however, because we conclude that Seneca had no legal obligation to communicate its defense to JEM prior to the commencement of this litigation. Paragon supplies no Connecticut state-law authority for a contrary conclusion, other than one unreported federal district court opinion, which cites an unreported Connecticut superior court opinion, which in turn cites a forty-year-old treatise. Paragon’s argument fails for the additional reason that JEM suffered no prejudice from any lack of timely notice of Seneca’s anticipated defense.
Paragon argues that a rational jury could conclude Seneca waived the detective bureau condition when it “elected to continue the insurance it issued to JEM” after it learned of JEM’s breach. It is true that an insurer, in deciding to issue a policy and accept a premium when it knows of facts that “would invalidate the contract from the time of its inception ... may be held ... to waive the cause of avoidance.” MacKay v. Aetna Life Ins. Co., 118 Conn. 538, 548, 173 A. 783, 787 (1934). But there was no evidence of such a decision here.
Seneca’s decision to renew the policy from which JEM’s claim derives cannot be construed as waiver, because Seneca did not learn that the detective bureau had moved out of the insured building until after it had issued the renewal. Indeed, Seneca’s decision to cancel the renewed policy in light of JEM’s breach forecloses any inference that it waived the detective bureau condition in the 2002-03 policy: Seneca cancelled the 2003-04 policy because JEM’s violation of the condition was an unacceptable increase in hazard; it reinstated the 2003-04 policy only after JEM assured it that the hazard would be mitigated by the presence of other occupants of the building and JEM agreed to pay a higher premium to offset any further increase in hazard. We think no rational juror could infer from these facts that Seneca tacitly had agreed to cover the risk created by the building’s vacancy at the lower premium. We therefore conclude that no rational jury could infer that Seneca waived its right to enforce the detective bureau condition.
We see no reason why the parties’ correspondence regarding a discrepancy between the terms of an earlier policy and actual conditions should alter our conclusion in this regard. Nor does Rathbone v. City Fire Insurance Co., 31 Conn. 193 (1862), support Paragon. Rathbone addressed a claim based on a newly re-issued policy, not a claim based on a previous policy.
Finally, Paragon argues that the detective bureau condition is unenforceable because it is not stated “in the body of the policy.” Conn. Gen.Stat. § 38a-314. This argument is waived, inasmuch as it was not presented to the district court.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.