Charles A. Loreto, J.
In this declaratory judgment action the plaintiff insurer seeks a determination to the effect that the policy issued to the defendant insured does not obligate it to defend the said insured in an action instituted against him in Connecticut by his wife as a result of an automobile accident occurring in that State or to pay any judgment obtained by the insured’s wife against him.
The facts are not in dispute. The plaintiff executed and delivered an automobile liability policy to the defendant insured in the city of New York. The policy states the address of the insured as “38 Livingston Street, Brooklyn ”, and further provides: ‘ ‘ The automobile will be principally garaged in the above town, city, county and state unless otherwise stated herein: six months Sachems Head, New Haven Co., Conn., balance of time New York.”
An accident occurred while the insured was driving his automobile in the State of Connecticut, and his wife, a passenger, received certain injuries. Shortly thereafter, she brought suit to recover damages therefor against him in the Superior Court of that State. That action is presently pending. At the time of the accident the policy of insurance was in effect.
Relying upon subdivision 3 of section 167 of the New York Insurance Law, the insurer has declined to defend or assume liability of that action. The policy does not contain an express provision to the effect that injury to the spouse of the insured is covered, as is required by the statute.
The question therefore is whether under the facts in this case the New York statute is applicable, for if it is, the plaintiff is entitled to judgment.
The law of Connecticut does not relieve the insurer of liability to the insured for negligent injury to his spouse unless specifically excluded by the terms of the contract (Williamson v. Massachusetts Bonding & Ins. Co., 142 Conn. 573).
Citing and relying upon Rubin v. Irving Trust Co. (305 N. Y. 288) and Auten v. Auten (308 N. Y. 155) which enunciate in the field of conflict of laws a theory of “ center of gravity ”, i.e., that the laws of that jurisdiction should apply, which has the most significant contact with the matter in dispute and the most interest in the problem, the insured asserts that under *640 the facts of this case the State of Connecticut represents the jurisdiction with such ‘ ‘ center of gravity ’ and therefore that its law should govern.
These arguments were raised and answered in the recent case of New Amsterdam Cas. Co. v. Stecker (3 N Y 2d 1, affg. 1 A D 2d 629). The facts in that case were similar to those at bar and similar contentions were deemed to be irrelevant. The court in its opinion, stated (p. 5): “There is no issue here as to how performance was to be accomplished, or the sufficiency of the performance, but whether or not there is to be any performance at all. Is the defendant Molly Stecker insured? Has Amsterdam agreed to indemnify her for the loss here anticipated? What was the contract the parties made? What were the rights and obligations which flowed from the document they drew? These are questions, the answers to which are governed solely by the lex loci contractus — New York State ”.
The insured’s contention that the policy authorization for the garaging of his automobile in Connecticut for six months, thereby permitting its use in that State and necessarily exposing him to liability for accident occurring there, implies the insurer’s consent to the application of the Connecticut law, is also answered in the same opinion (p. 5): “ Subdivision 3 of section 167 governs all automobile liability insurance policies issued in this State without regard to where the accident occurs. It is mandated into and made a part of every policy of automobile liability insurance issued in this State.”
The above-quoted citation is controlling authority of this case. Accordingly, declaratory judgment is granted in favor of the plaintiff as prayed for herein.