EVERGREEN MANOR ASSOCIATES *v.*
FELICIEN MICHEL ET AL.
(3089)

DUPONT, C.P.J., HULL and STODOLINK, Js.

Argued April 19—decision released July 30, 1985

*David E. Schancupp,* for the appellant (plaintiff).

*James A. Trowbridge* and *Paul W. Insinna,* law student intern, filed a brief for the appellees (defendants).

STODOLINK, J. The plaintiff landlord brought a summary process action seeking possession of the leased premises from the defendant tenants on the basis of their violation of a provision relating to pets contained in a lease executed by the defendants and the plaintiff for the period April 1, 1983, to December 31, 1983. The trial court rendered judgment for the defendants[1] and the plaintiff has appealed, claiming the trial court erred in finding that the plaintiff waived enforcement of the lease provision concerning pets.[2]

---

[1] This summary process action was consolidated at trial with two other summary process actions brought by the plaintiff, one against Ada Carattini and the other against Mildred Gonzalez. Appeals were taken from the trial court's judgment in each case and a motion to combine the cases for the purposes of the appeal was granted. The appeals involving Ada Carattini and Mildred Gonzalez were withdrawn prior to oral argument.

[2] The plaintiff also claims that the trial court erred in admitting certain evidence, but our disposition of the first claim of error renders it unnecessary to consider that claim. In passing, this court notes that this claim was not properly preserved for appellate review; Practice Book § 3060F (d) (3); *Aetna Life & Casualty* v. *Miscione of Connecticut, Inc.,* 193 Conn. 435, 437, 476 A.2d 577 (1984); nor was the claim raised in the plaintiff's preliminary statement of issues. Practice Book § 3012 (a).

The following relevant facts serve as a framework for considering the plaintiff's claim of error. On January 12, 1983, the plaintiff acquired ownership of the subject premises. On March 14, 1983, the plaintiff entered into a written lease with the defendants for the period beginning April 1, 1983. A clause in that lease provided that the tenant agreed not to "have pets or animals of any kind in the unit without prior written permission of the landlord." An identical clause was contained in the previous lease between the defendants and the former landlord. The trial court found that the previous landlord had waived the enforcement of the clause prohibiting pets throughout the years of the defendants' tenancy. The trial court further found that the new landlord took over the previous lease as it was interpreted by the parties thereto. The trial court then went on to find that because the "no-pet" clause had not been enforced by the previous landlord, when the new lease was entered into by the defendants for the term beginning April 1, 1983, they did not agree to be bound by the "no-pet" clause since its enforcement had been waived by the previous landlord. The trial court stated that "the new landlord took over that lease as it was interpreted by the parties thereto. He cannot now, in effect, seek to vary its terms by adding a requirement to which the defendants had never agreed."

Our Supreme Court has defined "[w]aiver [as] the intentional relinquishment of a known right." *Multiplastics, Inc.* v. *Arch Industries, Inc.,* 166 Conn. 280, 286, 348 A.2d 618 (1974); *Brauer* v. *Freccia,* 159 Conn. 289, 295, 268 A.2d 645 (1970); *Jenkins* v. *Indemnity Ins. Co.,* 152 Conn. 249, 257, 205 A.2d 780 (1964). A person cannot waive a right before he is in a position to assert it. 28 Am. Jur. 2d, Estoppel and Waiver § 157. The plaintiff in the present action did not acquire pos-

session of the subject premises until January 12, 1983. No legal basis therefore existed for concluding that any action by the previous owner or his agent constituted a waiver by the plaintiff of the enforcement of any provision relating to the defendants' tenancy under the lease for the term beginning April 1, 1983. Furthermore, it is the essence of a waiver that the relinquishment of the right claimed to be waived must be voluntary and intentional. 28 Am. Jur. 2d, Estoppel and Waiver § 158.

The evidence adduced at trial consequently afforded no basis for the trial court's conclusion that a waiver, binding on the plaintiff, occurred in this instance. At the time the defendants signed their new lease on March 14, 1983, they were aware of the presence in the lease of the "no-pet" provision, and there was no discussion at that time as to whether that provision was going to be enforced. The execution of the new lease, effective April 1, 1983, commenced a new tenancy between the plaintiff and the defendants and, even if there was any waiver with respect to prior periods of tenancy, it could have no application to future breaches of the same covenant. See *Club Road Corporation* v. *Whitehead,* 34 Conn. Sup. 580, 378 A.2d 110 (1977).

The trial court therefore erred in determining that the plaintiff was unable to enforce the "no-pet" provision of its lease for the term beginning April 1, 1983, because of the failure by the previous landlord to enforce the same provision in a previous lease.

There is error, the judgment is set aside and the case is remanded with direction to render judgment granting immediate possession to the plaintiff.

In this opinion the other judges concurred.