[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATIONS TO MODIFY, CORRECT, CONFIRM, AND VACATE ARBITRATION PROCEEDINGS
In case number CV91 0290293, American Motorists Insurance Company requests this court to correct or vacate an arbitration award which was rendered in favor of Raymond Carson and Roland Carson by a panel of three arbitrators who were convened pursuant to the uninsured/underinsured motorist provision of an automobile insurance policy issued by American Motorists to Angelica Corporation. The parties' dispute the amount of uninsured motorist coverage available to the claimants, Raymond Carson and Roland Carson. The insurance company contends that the arbitrators' incorrectly rejected the insurer's contention that Angelica Corporation made a written request for an amount of uninsured motorist coverage which was less than the amount established by 38-175c(a)(2), now codified as 38a-336(a)(2). I have concluded that the arbitrators' evidentiary findings are supported by the evidence and that they correctly applied the law.
In docket number CV92-290411, Raymond Carson and Roland Carson seek to confirm the arbitration award. They also seek to have the award modified and/or corrected by the court's finding that Lend Lease Division, National Car Rental Systems, Inc. was an additional insured under the policy issued by American Motorist Company. In this case, I have denied the motion to modify and/or correct and have granted the application to confirm.
In 1983, the General Assembly enacted Public Act 1983, No.83-461, amending section 38-175(c)(2). "It required that every automobile liability policy . . . was to have uninsured motorist coverage equal to the liability coverage of the policy `unless CT Page 2228 the insured requests in writing a lesser amount. . . .'" Travelers Indemnity Co. v. Malec, 215 Conn. 339, 400 (1990). American Motorists Insurance Company claims that a broker's bid specification with the phrase "uninsured motorist-statutory" was a written request by Angelica Corporation for a lesser amount of uninsured motorist coverage. In rejecting this claim, the arbitrators found that Angelica Corporation "did not elect lower limits consciously and in writing."
The phrase "uninsured motorist-statutory" which appears in exhibit K-1 is not a request for the minimum allowable amount of uninsured motorist coverage. The word "statutory" is an adjective which is defined in Webster's New World Dictionary (2nd College Edition) as meaning "fixed, authorized or established." General Statutes 38-175c fixes or establishes "uninsured motorist coverage with limits for bodily injury and death equal to those purchased to protect against loss resulting from liability imposed by law unless the insured requests in writing a lesser amount." By using the word "statutory," the author of the bid specification requested coverage equal to the liability coverage. Contrary to the insurer's contention, the bid specification does not reflect a conscious request for a lesser amount of coverage. Indeed, the evidence shows that Angelica and its broker were not even aware that the 1983 amendment to the statute existed when Exhibit K-1 was prepared. The arbitrators' evidentiary findings are supported by the evidence. The arbitrators correctly applied the law when they found Angelica Corporation did not elect lower limits consciously and in writing. Harlach v. Metropolitan Property Liability Insurance Co., 221 Conn. 185, 594 A.2d 350 (1992); Travelers Indemnity Co. v. Malec, 215 Conn. 399, 576 A.2d 485
(1990).
The insurance company's contention that a lesser amount of uninsured motorist coverage is applicable must fail for an additional reason. The Connecticut Supreme Court has construed 38-175c(a)(2) as requiring the signature of all named insureds. Nationwide Mutual Insurance Co. v. Pasion, 219 Conn. 764,594 A.2d 468 (1991): see also Harlach v. Metropolitan Property Liability Insurance Co., supra. Exhibit K-1 does not contain a signature on behalf of Angelica Corporation. The insurance company, however, relies on the case of Grange Insurance Association v. Great American Insurance Co., 89 Wash.2d 710,575 P.2d 235 (1978), for the proposition that the broker's preparation of the bid specifications constituted a valid rejection of higher uninsured motorist coverage. This case is inapposite. The Washington statute which was construed by the court does not expressly require a rejection to be in writing. The statute provides that motor vehicle liability policies must provide uninsured motorist coverage "except that the named CT Page 2229 insured may be given the right to reject such coverage." In Connecticut, there must be a rejection in writing signed by the named insured. The named insured did not sign the specification.
At the time the parties orally argued before this court, the insurance company for the first time claimed that the law of Missouri should be applied to this case. The insurer did not make this claim in the arbitration proceeding. It did not make this claim in the initial brief it filed in this court. The law of Connecticut is applicable to this case. Jenkins v. Indemnity Insurance Co., 152 Conn. 249, 253-54, 205 A.2d 780 (1964). The truck which was occupied by the claimants and insured by American Motorists Insurance Co. was registered and garaged in Connecticut. The accident occurred in Connecticut. The insurance policy contains provisions for uninsured motorist coverage which relate to 48 states and Canada. Based on these facts and the record of the proceedings furnished to this court, I have concluded that Connecticut was the place of operative effect or performance of the contractual provisions relating to underinsured/uninsured motorist coverage.
The application to confirm the arbitrators' award is confirmed. All other motions are denied.
THIM, JUDGE