[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of an automobile accident which occurred on or about November 11, 1988 in Norwalk. The plaintiff, Delene Hammond, alleges that she sustained injuries when the rear of her automobile was struck by an automobile driven by defendant Martha Howard and owned by defendant Evelyn Council. Count one of the amended complaint, dated July 21, 1993, is for negligence, as to Howard and Council. Count two relates to defendant Prudential Insurance Company [Prudential], and seeks a declaratory judgment. Count two alleges that defendant Howard was insured under a Prudential policy, that Prudential provided a defense and coverage to Howard and tendered settlement offers to plaintiff until April 26, 1993, when it issued a denial based upon an exclusion in its own policy, and that in order for plaintiff to ascertain the correct responsible party a judicial determination is necessary as CT Page 8822 to whether Prudential's denial of coverage was effective.
Prudential presently moves to strike (#152) the second count of plaintiff's complaint, on the grounds that "it fails to state a claim upon which relief can be granted."[1] "The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988); Mingachos v. CBS, Inc., 196 Conn. 91,108 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93, 463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 552 A.2d 1235 (1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or a cause of action, the motion to strike must fail. (Citation omitted.)" Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980).
"[W]hether a court should grant declaratory relief is properly decided by a motion to strike." Aetna Casualty Surety Co. v. Jones 220 Conn. 285, 293, 596 A.2d 414 (1991). "`[A] successful motion to strike an action for a declaratory judgment upon the ground of available alternative means of redress . . . must show that the court could not in the exercise of sound discretion permit the action to proceed.'" Id. 292-93, quoting England v. Coventry,183 Conn. 362, 365, 439 A.2d 372 (1981).
In its memorandum of law accompanying its motion to strike, Prudential claims: (1) that plaintiff can pursue her rights under Connecticut's subrogation statute, General Statutes 38-175,[2]
which provides a means by which the coverage issue may be litigated; (2) that allowing an action for declaratory judgment against an insurance company to be coupled with an action against an insured would seriously prejudice the rights of the insured; and (3) that plaintiff is not an insured under the Prudential policy, and therefore has no rights under it. In response, the plaintiff argues: (1) that the declaratory judgment action is properly before this court, even if other remedies are available to the plaintiff, as long as rendition of the judgment is not an abuse of judicial discretion; (2) that the defendant insurance company would not be prejudiced because the declaratory judgment action would be resolved prior to trial, either by a motion for summary judgment or CT Page 8823 by having a bifurcated trial with the issue of coverage tried first; and (3) that plaintiff has an interest in Prudential's policy, as the beneficiary of that policy if there is coverage. The plaintiff also claims that a declaratory judgment is necessary because if Prudential's denial is valid and defendant Howard is now uninsured, there is a possibility of compelling arbitration rather than proceeding with trial as defendant Council's policy has already been tendered.
Practice Book 390 provides in relevant part that the court will not render declaratory judgments upon the complaint of any party:
 (a) unless he has an interest, legal or equitable by reason of danger of loss or of uncertainty as to his rights or other jural relations; or (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.
Progressive Casualty Ins. Co. v. Digangi, 4 Conn. App. 137, 140 n. 3, 492 A.2d 548 (1985). This section "allows the trial court wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete. Id., 140. "Subject matter jurisdiction over actions for declaratory judgment exists despite the availability or adequacy of other legal remedies." Id., 139; England v. Coventry, supra, 364.
General Statutes 38a-321, which Prudential claims contains the available alternative remedy in this case, provides in relevant part that:
 [u]pon the recovery of a final judgment . . . for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights CT Page 8824 of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment.
Prudential has cited two cases in support of its position that the court should not entertain a declaratory judgment action because 38a-321 is an alternative remedy. Both of these cases, however, can be distinguished from the case at bar.
In Jenkins v. Indemnity Insurance Co., 152 Conn. 249, 260,205 A.2d 780 (1964), the court found that the trial court should not have entertained a declaratory judgment action because of the availability of 38-175, the predecessor statute of 38a-321. However, in Jenkins, supra, the plaintiff already had a judgment, Id., 259, and the insurance company had denied liability and refused to defend the action from the outset. Id., 252. The instant action was commenced in 1989, and plaintiff alleges that Prudential provided a defense to the action and entered into settlement negotiations with plaintiff between that time and April 26, 1993, when it issued its letter of denial. In Jenkins, supra, 258, the Supreme Court "found a waiver of an insurance company's right to disclaim coverage where the company originally acknowledged that the policy covered the claim . . ." National Casualty Ins. Co. v. Stella, 26 Conn. App. 462, 465, 601 A.2d 557
(1992). Thus, there is a "substantial question or issue in dispute" as to whether denial is valid. Furthermore, plaintiff claims that if the denial is valid, then there is the possibility of arbitration rather than a full trial. Unlike Jenkins, supra, where the plaintiff already had a judgment, the plaintiff in the instant case may have more than one alternative to consider.
The other case where the court found that a declaratory judgment was not necessary due to 38-175 is also distinguishable from the case at bar. In Hartford Accident Indemnity Co. v. Williamson, 153 Conn. 345, 350, 216 A.2d 365 (1966), the court noted that the declaratory judgment "is not designed to supplant established procedures except for good reason." The court found that despite the presence of a "bona fide and substantial question and issue in dispute and a substantial uncertainty of legal relations requiring settlement," Id., 348, "[n]o facts [were] alleged in the complaint to demonstrate a reason for the determination of that question in a declaratory judgment action rather than under 38-175." Id., 350. The complaint in the instant case, however, does contain such facts. The second count CT Page 8825 of the amended complaint alleges: (1) that Prudential provided coverage until April 26, 1993 without issuing a reservation of rights (paragraph 9); (2) that Prudential provided a defense until that time (paragraph 8); (3) that Prudential had tendered settlement offers to the plaintiff (paragraph 10); and (4) that Prudential failed to recognize the exclusion in the policy upon which it based its denial "due to its own negligence" (paragraph 11).
"The trial court is afforded wide discretion to render a declaratory judgment." Leoni v. Water Pollution Control Authority,21 Conn. App. 77, 83, 571 A.2d 153 (1990). "A challenge to the court's jurisdiction based on [the presence of an alternative remedy] should be sustained only-if rendition of the judgment would constitute an abuse of the court's discretion." Textron, Inc. v. Wood, 167 Conn. 334, 343, 355 A.2d 307 (1974). Since there is an issue regarding whether Prudential's denial was effective, and since a determination of that issue may affect the manner in which plaintiff should proceed, the court will exercise its discretion to entertain this declaratory judgment action. Accordingly, Prudential's motion to strike count two of plaintiff's complaint is denied.