[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Ozena Mesillen, has filed a complaint sounding in, negligence against three defendants: American Building Group, the City of Stamford, and the Stamford Housing Authority. She alleges that she was injured when her vehicle struck a hole near a construction site. In responses to requests to admit, the plaintiff admits that the Stamford Housing Authority owns and maintains the subject premises. She also admits that the Stamford Housing Authority has a separate corporate existence from the City of Stamford.
The City of Stamford has filed this motion for summary judgment on the ground that the City had no legal responsibility for the area in which the accident allegedly occurred. Further, the City claims statutory immunity, and the plaintiff has filed no opposition.
Summary judgment is granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 384; Suarez v.Dickmont Plastics. Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994);Telesco v. Telesco, 187 Conn. 715, 447 A.2d 752 (1982). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Home Ins. Co. v.Aetna Life Casualty Co., 235 Conn. 185, 202-03, 663 A.2d 1001
(1995), citing Practice Book § 381.
In the present case, there is no genuine issue of material fact. The plaintiff admits that the subject premises was owned and maintained by defendant Stamford Housing Authority and that this defendant has a separate corporate existence from that of the City of Stamford.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." Mayer v. Biafore, 45 Conn. App. 554, 556, ___ A.2d ___ (1997). "Negligence cannot be predicated upon the failure to perform an act which the actor was under no duty or obligation to perform." Behlman v. Universal Travel Agency. Inc.,4 Conn. App. 588, 691, 496 A.2d 962 (1985). Obviously, where a CT Page 8355 defendant does not maintain control or possession of a demised premises, it cannot be said that the defendant owes a duty to a person found upon that demises premises. In the present case, the defendant owed no duty to the plaintiff.
"The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." 2830Whitney Avenue Corp. v. Heritage Canal Development AssociatesInc., 33 Conn. App. 563, 567, 636 A.2d 1377 (1994). Since the plaintiff has not filed any opposition to this motion and since it has been admitted that the defendant did not maintain or control the demised premises, there is no need to address the defendant's other arguments. The motion for summary judgment is granted.
D'ANDREA, J.