[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for underinsured motorist benefits. On November 11, 1996, the plaintiff, Heather Emanuel, filed a one count complaint against the defendant, Progressive Northern Insurance Company.
The complaint contains the following allegations. On October 19, 1994, the plaintiff, a pedestrian, was struck by a motor vehicle owned by Alston Duncan and operated by Wanda Woolfolk. At the time of this accident, Alston Duncan maintained an automobile liability insurance policy with Patriot General Insurance Company with policy limits of $20,000 per person and $40,000 per occurrence; Wanda Woolfolk had no automobile liability insurance; and the plaintiff maintained an automobile liability insurance policy with the defendant with liability limits in excess of CT Page 10247 $20,000. On March 24, 1996, the plaintiff executed a release in favor of Alston Duncan and Wanda Woolfolk in the amount of $20,000. Thus, the plaintiff alleges that she has exhausted the liability limits of Duncan and Woolfolk. Ultimately, the plaintiff alleges that the defendant has failed to pay underinsured motorist coverage compensation to the plaintiff despite due notice.
On January 10, 1997, the defendant filed an answer and two special defenses. The first special defense asserts that the plaintiff's recovery, if any, may not be greater than the policy limits of $300,000 minus all applicable setoffs and counterclaims. The second special defense asserts that the plaintiff's claim is barred by the contract of insurance (between the plaintiff and defendant) which excludes underinsured motorist coverage to a covered person who settles with anyone who may be liable, without the written consent of the defendant.
On April 1, 1997, the defendant filed a motion for summary judgment along with a supporting memorandum of law and three exhibits. On April 10, the plaintiff filed an objection to the defendant's motion for summary judgment along with a supporting memorandum and fourteen exhibits. On May 12, 1997, the defendant filed a memorandum in reply to the plaintiff's objection, with eight exhibits attached. This motion for summary judgment is now before this court.
The defendant argues that it is entitled to judgment as a matter of law because the plaintiff failed to satisfy the consent to settle clause contained in the insurance contract. The consent to settle clause states: "We [the defendant] do not provide Uninsured Motorist Coverage for . . . Bodily injury of a covered person or damage to the insured property if the insured or a legal representative settles, without our [the defendant's] written consent, with anyone who may be liable." The defendant argues that the plaintiff failed to obtain its consent before settling with, and releasing, Duncan and Woolfolk. The defendant also claims that the instant insurance contract is governed by Rhode Island law. Conversely, the plaintiff contends that this contract is governed by Connecticut law and that the consent to settle clause is unenforceable. The plaintiff does not contest the defendant's assertion that the plaintiff did not obtain the defendant's consent prior to settling with Duncan and Woolfolk.
"Practice Book § 384 provides that summary judgment shall CT Page 10248 be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets omitted; citations omitted; internal quotation marks omitted.) Thompson and Peck,Inc. v. Division Drywall, Inc., 241 Conn. 370, 374, ___ A.2d ___ (1997); see Practice Book § 381.
"A motion for summary judgment is appropriate to resolve a choice of law issue." Brunow v. Burnett, Superior Court, judicial district of Litchfield, Docket No. 06 20 60 (April 6, 1994, Walsh, J.).
"The usual rule is that a contract is to be construed according to the law of the place where the contract was made."Williams v. State Farm Mutual Automobile Ins. Co., 229 Conn. 359,366, 641 A.2d 783 (1994); see Whitfield v. Empire Mutual Ins.Co., 167 Conn. 499, 506, 356 A.2d 139 (1975); Breen v. AetnaCasualty Surety Co., 153 Conn. 633, 637, 220 A.2d A.2d 254 (1966).[1] "The general rule is that the validity and construction of a contract are determined by the law of the place where the contract was made. But if the contract is to have its operative effect or place of performance in a jurisdiction other than the place where it was entered into, our rule is that the law of the place of operative effect or performance governs its validity and construction." Jenkins v. Indemnity Ins. Co.,152 Conn. 249, 253, 205 A.2d 780 (1964). "In the case automobile insurance . . . the place where the contract is made is deemed to be the place of performance, unless the agreement evidences that a different place was fixed." (Internal quotation marks omitted.)U.S.F. G., Co. v. Katrick, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 03 80 14 (April 21, 1992, McGrath, J.). Thus, where an insurance policy is "issued in New Haven, and shows the address of named insured . . . to be New Haven and shows that the automobile insured would be principally garaged [in New Haven], the conclusion is inescapable that it was intended to have its operative effect in Connecticut and that it CT Page 10249 must be construed in the light of the Connecticut law. . . ."Whitfield v. Empire Mutual Ins. Co., supra, 167 Conn. 505-06; seeJenkins v. Indemnity Ins. Co., supra, 152 Conn. 254 (The plaintiff argued that Connecticut law, rather than New York law, applied to his automobile insurance policy because the policy was to have its operative effect where the accident occurred (in Connecticut). The court rejected the plaintiff's contention and stated, "in the declarations portion of the policy, the plaintiff stated that his residence was in Bronxville, New York, and that his automobile would be principally garaged there. This declaration gives no hint that the parties thought of this contract as other than a New York transaction. In the absence of a showing that the place of the operative effect of this contract was not New York, under our rule the validity and construction of the contract where governed by the law of New York, were the contract was made.").
Here, the plaintiff applied for the instant insurance policy in Newport, Rhode Island. The plaintiff's application for insurance and original insurance policy stated the plaintiff's address as 267 Wolf Rocks Road, Exeter, Rhode Island, 02822. The plaintiff's original insurance policy was issued in Newport, Rhode Island. The policy in effect at the time of the accident listed the plaintiff's address as 267 Wolf Rocks Road, Exeter, Rhode Island, 02822, and was issued in Newport, Rhode Island. There is no genuine issue that the instant insurance contract was executed in Rhode Island. This insurance policy was to have its operative effect in Rhode Island. Accordingly, Rhode Island law governs the present action.
The Rhode Island Supreme Court has determined that an automobile insurance policy provision which excludes underinsured motorist benefits to an insured if the insured settles a claim against the owner or operator of the underinsured vehicle is valid and enforceable because the provision protects the insurer's right of subrogation and carries with it an implied promise by the insurer that it will not arbitrarily or unreasonably withhold consent. Stanko v. Hartford Accident Indemnity Co., 121 R.I. 331, 397 A.2d 1324, 1327-27 (1979);Pickering v. American Employers Ins. Co., 109 R.I. 143,282 A.2d 584, 591 (1971).[2] The instant insurance contract provides that the defendant is not liable for underinsured motorist benefits if the plaintiff fails to obtain the defendant's written consent before settling with any potentially liable persons. There is no genuine issue that the plaintiff failed to obtain the CT Page 10250 defendant's consent prior to settling with Duncan and Woolfolk. Therefore, the plaintiff is entitled to judgment as a matter of Rhode Island law.
The plaintiff argues that the application of Rhode Island law would violate the public policy of Connecticut because under Rhode Island law, the plaintiff would be barred from receiving underinsured motorist benefits that the plaintiff may be entitled to receive under Connecticut law. In Williams v. State FarmMutual Automobile Ins. Co., supra, 229 Conn. 373, the court applied New York law to a plaintiff's underinsured motorist claim rather than Connecticut law even though New York law barred the plaintiff from receiving underinsured motorist benefits that would have been available to the plaintiff under Connecticut law. See also Jenkins v. Indemnity Ins. Co., supra, 152 Conn. 253-55. Moreover, the mere fact that the law of Connecticut differs from that of another state is an insufficient reason to refuse to enforce the law of a sister state. See Ciampittiello v.Campitello, 134 Conn. 51, 56, 54 A.2d 669 (1947); InterfaceFlooring Systems, Inc. v. Aetna Casualty Surety Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 52 16 95 (April 1, 1996, Aurigemma, J.). The application of Rhode Island law in the present case does not violate Connecticut public policy.
For the forgoing reasons the motion for summary judgement is granted.
ZOARSKI, JUDGE TRIAL REFEREE