[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Gary and Carol Polyviou, entered into three leases with Maria and Dario Nolasco, the owners of the property located at 31 Middle Beach Road West in Madison, Connecticut: in August, 1990, in August, 1992, and in December, 1995. The rent for the period covered by the 1992 lease was increased based on a property revaluation and subsequent tax increase by the town of Madison. Both parties agreed to a lease provision, paragraph 39, that would adjust the rent based on any further tax increases or decreases.
Dr. and Mrs. Nolasco appealed the tax assessment and ultimately prevailed in having the property taxes reduced. The appeal was initiated during the period of the 1992 lease. The ruling in favor of the Nolascos came down on March 6, 1995, and, on February 10, 1997, they were granted a property tax refund of $40,796.90, including interest and fees. The plaintiffs received no rental decrease or rebate as a result of this award. In December, 1995, the plaintiffs entered into their third lease with Maria Nolasco, individually and as executrix of the estate of Dario Nolasco, who had died prior to the signing of the final lease. The 1995 lease contained a clause which purportedly waived all claims the plaintiffs may have had arising out of earlier leases.
"Our Supreme Court has defined `[w]aiver [as] the intentional relinquishment of a known right.'" Evergreen Manor Associated v.Michel, 4 Conn. App. 585, 587 (1985), citing Multiplastics, Inc.v. Arch Industries, Inc., 166 Conn. 280, 286 (1974). It is clear that the plaintiffs were aware that, if the property taxes decreased, they had the right to a reimbursement of rent paid under the 1992 lease (plaintiffs exhibit A). It is less clear, however, that the language of paragraph 38 in the 1995 lease ("Tenant hereby agrees to waive any and all claims, including CT Page 5171 claims under prior leases, it may have against the landlord as of the date of this lease") put the plaintiffs on notice of exactly what rights they were waiving. Particularly when the very general and broad language of paragraph 38 is contrasted to the specific waivers contained in paragraph 39 of the same lease ("Tenant hereby acknowledges that they [sic] waive their claim for reimbursement for repairs to the kitchen range in the amount of $101.44 and the cost for pest control in the amount of $95.40 . . ."), it cannot be found that the plaintiffs knowingly and intentionally waived their right to claim a rental reimbursement.
Accordingly, the Court finds for the plaintiffs on Count I of their complaint and orders the parties to appear for a hearing in damages on Thursday, May 6, 1999 at 11:00 a.m.
Insufficient evidence was presented to persuade the Court that the actions of the defendants rise to the level of an unfair or deceptive trade practice, and, therefore, the Court finds in favor of the defendants on Count II of the complaint. No attorney's fees are awarded.
BY THE COURT
Leavitt, J.