[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISIONCT Page 6435 RE' MOTION TO STRIKE CLAIM FOR PUNITIVE DAMAGES IN CONTRACT ACTION BASED UPON LAW IN FOREIGN FORUM
Prior to bringing this action John Salisbury was employed by defendants Housing Authority Property Insurance Company, Housing Authority Risk Retention Group, Inc. Housing Insurance, Inc. and Housing Insurance Service as their chief executive officer. Housing Authority Property Insurance Company, and Housing Authority Risk Retention Group, Inc. are Vermont corporations. Defendant Housing Authority Insurance, Inc. is a District of Columbia corporation. Defendant Housing Insurance Services is a Connecticut corporation.
The terms and conditions of John Salisbury's employment by the defendants were negotiated and are set out in a written contract, which is attached as Exhibit A of the Complaint. The contract provides for a three-year term, and contains provisions for settlement in the event of his termination from employment. As to its enforcement, paragraph 12 of the contract states that it ". . . shall be governed by the law of the state of Vermont."
In this action plaintiff John Salisbury alleges that the defendants breached his written contract by wrongfully terminating his employment. He further alleges that the defendants undertook actions to fabricate a reason to terminate his employment so as to intentionally deny to him the severance payments to which he is entitled. Furthermore, the plaintiff alleges that the defendants' actions were insulting, malicious, reckless and wanton. In his prayer for relief the plaintiff seeks punitive as well as compensatory damages.
The defendants have filed a Motion to Strike the plaintiff's claim for punitive damages. In this regard, the defendants point out that the complaint, as amended, does not assert that the termination of plaintiff's employment is violative of an important public policy, and that such an assertion is a condition precedent to the consideration of an award of punitive damages in this type of case in Connecticut. For this proposition the defendants cite the case of Barry v. Posi-Seal International,Inc., 40 Conn. App. 577, 585 (1996). The plaintiff in Barry,supra, had been awarded compensatory and punitive damages based upon a finding that defendant Posi-Seal International had breach CT Page 6436 his employment contract by wrongfully terminating his service. The finding was on a contract basis only. Defendant Posi-Seal International appealed to the Appellate Court, arguing that an award of punitive damages in a termination of employment case requires a finding of liability on a cause of action founded in tort, not just contract. In ruling in favor of defendant Posi-Seal International, the Appellate Court stated, inter alia,
 [w]e agree with the defendant's claim that the punitive damages award cannot stand in the absence of a verdict in the plaintiffs' favor on a cause of action sounding in tort. `Punitive damages are not ordinarily recoverable for breach of contract. . . . This is so because . . . punitive . . . damages are assessed by way of punishment, and the motivating basis does not usually arise as a result of the ordinary private contract relationship. ' (Citation omitted)
 Id. at 584
The Appellate Court also noted that the breach of James Barry's employment contract was not attended by an allegation or proof that the termination was violative of an important public policy. The Appellate Court found that such an allegation or such proof would authorize the courts of Connecticut to entertain an award of punitive damages. Barry, supra, at 587.[1]
Plaintiff John Salisbury counters the defendants' argument by pointing out that it is the positive law of Vermont not Connecticut under which he seeks enforcement, and to which he is entitled by paragraph 12 of the contract. He posits further that the law in Vermont authorizes the court to hear and decide whether to award punitive damages in cases of a wrongful breach of an employment contract ". . . in certain extraordinary cases where the breach has the character of a willful and wanton or fraudulent tort." Ainsworth v. Franklin Cty. Cheese Corp. ,592 A.2d 871, 874, (Vt. 1991), citing Glidden v. Skinner, 142 Vt. 644,647, 458 A.2d 1142, 1144 (1983) (emphasis added). In Ainsworth,supra, the Supreme Court of Vermont upheld an award of compensatory and punitive damages to a former employee whose allegations were similar to those in this case.
The defendants respond by asserting that the Vermont principle of allowing the court to entertain punitive damages in employment cases contravenes the public policy of Connecticut so CT Page 6437 much that the courts of Connecticut must not embrace it. In support of this proposition the defendants cite Ciampittiello v.Campitello, 152 Conn. 249 (1964). In Ciampittiello, supra.
Our Supreme Court refused a claim which sought the adjudication and enforcement of a gambling debt resulting from betting on horse races in the state of Rhode Island. The court found that the legislature of Connecticut had established a law which criminalized betting on house races, and that the prohibition of such conduct was deeply ensconced in the history of the state. The court set out its reasoning as follows:
 It is a general principle of our law that a plaintiff may enforce in the courts of this state any legal right of action which he may have, whether it arises under our own law or that of another jurisdiction. A well-established exception to this general rule is that we will not enforce the law of another jurisdiction or rights arising thereunder which contravene our public policy or violate our positive laws.
 Id. at 54.
The court in Ciampittiello, cited the following quotation fromState v. Harbourne, 70 Conn. 484, 490, to show the extent to which such betting was held in disdain: "`Since the establishment of our government wagering has been held to be, if not absolutely immoral, yet so injurious in its results as to require suppression by penal legislation.'" Id. at 56.
The court in Ciampitiello, supra, noted that a modern view urges the enforcement of all contracts valid where made though not in the forum of enforcement ". . . unless they are not merely contrary to the public policy of the forum but distinctly pernicious thereto. . .," citing 6 Williston, op. cit., p. 5095.Id. at 51.
Applying the principles set out in Ciampitiello, supra, this court does not find that an award of punitive damages, provided for under the law of Vermont — the law which the parties accepted for adjudication — is pernicious to the law of Connecticut. Our Supreme Court has not outlawed the award of punitive damages in cases of breach of employment contracts. Our Supreme Court has merely, as to claims premised upon a violation of the Connecticut law, set out a tort or public policy basis for awarding such damages. See Goodrich, Conflict of Laws (2d Ed.) P. 258, cited in Campitello, supra at 51. CT Page 6438
For the foregoing reasons, the Motion to Strike is denied.
Clarance J. Jones, Judge